## J. W. BIVINS v. L. M. MATHEWS.

ATTACHMENT UNDER ACT OF 1871, CH. 134. The act of 1871, ch. 134, provides, in substance, that in cases commenced in a court of record, or before a justice of the peace by original attachment, on application of the plaintiff a summons shall issue also against the defendant for the same cause of action, and if the summons is executed, no publication or stay of judgment shall be had, as formerly required in attachment cases; and that the summons shall be in the usual form, but, in addition, shall notify the defendant that an original attachment has been issued against him, and be returned before the same court or justice before whom the attachment is returned: *Held*, that the intention of the statute is, that if the summons is served on the defendant, then this becomes the leading process in the case, the attachment, if levied, taking the position equivalent to an ancillary attachment, and holding the property until the termination of the litigation; and if the summons is not served, and the attachment is levied on the property, then the case is to proceed as in other cases of original attachment.

### FROM LAUDERDALE.

Appeal from the Circuit Court. THOS. J. FLIPPIN, Judge.

MARLEY & STEELE for complainant.

WILKERSON & WILKERSON for defendant.

FREEMAN, J., delivered the opinion of the court.

This suit was commenced by an attachment and summons, as provided by act of 1871, ch. 134, which provides in substance, that in cases commenced in a court of record, or before a justice of the peace, by

original attachment, that on application of the plaintiff a summons shall be issued also against the defendant for the same cause of action, and if the summons is executed, no publication or stay of judgment shall be had, as formerly required in attachment cases.    The second section provides that the summons shall be in the usual form, but, in addition, shall notify the defendant that an original attachment has been issued against him, and be returned before the same court or justice before whom the attachment is returned.

The intention of the statute being, as we construe it, that if the summons is served on the defendant, then this becomes the leading process in the case, the attachment, if levied on property, taking the position equivalent to an ancillary attachment, and holding the property until the termination of the litigation.    If the summons is not served, and the attachment is levied on property, then the case is to proceed as in other cases of original attachment.

This being so, the first question made in argument is on the motion to quash the warrant, which states the ground of action to be "a plea of debt due by reason of the said J. W. Bivins having stayed a judgment rendered in favor of Cheatham & Woods against E. B. and L. M. Mathews, at the special instance of L. M. and E. B. Mathews."

This question is not necessary to be determined, for assuming the warrant to be void, as stating no cause of action, and that it ought to have been quashed, still the defendant was in court under the attachment levied on his property, and filed a plea in abatement

to this, on which there was issue taken, and the case submitted to the jury on this issue and proof, and found against him, as clearly appears, on satisfactory testimony.

It was proper, then, under this verdict by the jury, to have rendered a judgment final, if no other defense had been interposed, this case being from a justice of the peace, and no formal pleadings as to other defenses being necessary. The question of liability of the party, however, was gone into by the court on the trial, and under the charge of the court, found for the plaintiff. Whether this finding is correct is the question for decision.

The proof. shows that Bivins stayed the judgment at the request of L. M. Mathews, said judgment being against E. Mathews alone. It further shows that L. M. Mathews promised to indemnify him against the liability incurred, and there is also proof tending to show that the debt was one on which it is probable L. M. was as much bound as E. B. In other words, that it was the debt of the two brothers, as partners in a grocery establishment, and that L. M. was thus interested in having it stayed. This question was fairly left to the jury, and they have so found, and, we think, on ample testimony.

This being so, the only other question in the case is, whether the stayor has shown facts on which he is entitled to a recovery, that is, that he had discharged the debt, so as to be entitled to go on L. M. Mathews for indemnity.

The proof shows that Bivins, at the suggestion of

L. M. Mathews, perhaps, first gave a deed of trust to secure this judgment on personalty, with the understanding that L. M. would then give him, Bivins, a deed of trust on property to secure him; that Mathews failed to do this.   Afterwards, it appears that Bivens satisfied this deed of trust by giving one on his land, which security was taken in satisfaction of the judgment which he had stayed, and satisfaction of the judgment entered, as paid by Bivins, "by deed of trust on land executed by Bivins and wife." This satisfaction is signed Cheatham & Woods, by Lynn & Oldham, attorneys.

We hold this is a payment and discharge of the debt as to all parties. Cheatham & Woods might have received payment in a note, or other property, or by absolute conveyance of the land, and we see no reason why a conditional conveyance by deed of trust, by which the land is secured, to be appropriated to the discharge of the amount due, may not, by agreement of the parties, be given by the one and accepted by the other as a satisfaction of the judgment by the stayor.   Mathews cannot complain, as the judgment has been discharged and satisfied, and that by the stayor.   This having been done, and that by appropriation of his property to its discharge irrevocably, the right to the contracted indemnity may well arise, and be enforced in favor of the stayor.

In this view of the case the result is, the judgment must be affirmed.